

**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed:**
**July 12, 2018 16:17**

By: PAUL J. CRISTALLO 0061820

Confirmation Nbr. 1437040

| | |
|---|---|
| BRIAN KEITH MCMAHAN, ET AL. | CV 18 900644 |
| vs. | |
| CITY OF PARMA HEIGHTS, ET AL. | **Judge:** MICHAEL P. DONNELLY |

**Pages Filed:** 15

IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| BRIAN KEITH McMAHAN | ) | |
| -and- | ) | |
| MAUREEN McMAHAN | ) | |
| c/o | ) | |
| THE LAW FIRM OF PAUL J. CRISTALLO | ) | CASE NO.: |
| THE BROWNHOIST BUILDING | ) | |
| 4403 ST. CLAIR AVE. | ) | |
| CLEVELAND, OH  44113 | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | JUDGE: |
| | ) | |
| | ) | |
| | ) | |
| -vs- | ) | |
| | ) | |
| THE CITY OF PARMA HEIGHTS | ) | **COMPLAINT** |
| 6281 PEARL ROAD | ) | |
| PARMA HEIGHTS, OH  44130 | ) | |
| | ) | **(JURY DEMAND ENDORSED** |
| | ) | **HEREON)** |
| -and- | ) | |
| | ) | |
| OFFICER DAVID KUNKER | ) | |
| C/O CITY OF PARMA HEIGHTS POLICE | ) | |
| 6184 PEARL ROAD | ) | |
| PARMA HEIGHTS, OH  44130 | ) | |
| (This Defendant is being sued in his | ) | |

| | |
|---|---|
| individual and official capacity. | ) |
| | ) |
| -and- | ) |
| | ) |
| PARMA HEIGHTS OFFICER | ) |
| JOHN DOE 1 | ) |
| C/O CITY OF PARMA HEIGHTS POLICE | ) |
| 6184 PEARL ROAD | ) |
| PARMA HEIGHTS, OH 44130 | ) |
| (This Defendant is being sued in his | ) |
| individual and official capacity. | ) |
| | ) |
| -and- | ) |
| | ) |
| PARMA HEIGHTS POLICE OFFICER | ) |
| JOHN DOE 2 | ) |
| C/O CITY OF PARMA HEIGHTS POLICE | ) |
| 6184 PEARL ROAD | ) |
| PARMA HEIGHTS, OH 44130 | ) |
| (This Defendant is being sued in his | ) |
| individual and official capacity.) | ) |
| | ) |
| | ) |
| -and- | ) |
| | ) |
| CITY OF PARMA HEIGHTS | ) |
| JOHN DOES 3-5 | ) |
| C/O CITY OF PARMA HEIGHTS POLICE | ) |
| 6184 PEARL ROAD | ) |
| PARMA HEIGHTS, OH 44130 | ) |
| (Individual officers, employees and/or agents | ) |
| and/or policy makers of the City of Parma | ) |
| Heights who were either on scene at the time | ) |
| of Plaintiff's arrest and injury, and/or were | ) |
| responsible for training, supervision and | ) |
| policy making regarding use of force, the | ) |
| First Amendment, retaliation, video | ) |
| recording arrests, handcuffing, and arrest | ) |
| procedures. These individuals are sued in | ) |
| their individual and official capacities. | ) |
| | ) |
| Defendants | ) |

## INTRODUCTION

1.      This case is brought to address violations and injuries stemming from the misconduct of various individuals, entities, officers, and other officials in connection with the excessive force, First Amendment retaliation and unlawful handcuffing of Plaintiff Mr. Brian Keith McMahan.

## PARTIES AND JURISDICTION

2.      Plaintiff Brian Keith McMahan is a citizen of the United States and resides in Cuyahoga County, Ohio.

3.      Defendant City of Parma Heights is a unit of local government organized under the laws of the State of Ohio. Some of the City of Parma Heights Defendants were acting pursuant to the express and/or implied direction, policies, and approval of Defendant City of Parma Heights. The City of Parma Heights is a political subdivision/entity and is subject to being sued pursuant ORC § 2744.01, *et seq*.

4.      Defendant City of Parma Heights Officer David Kunkner was at all times relevant an employee or agent for the City of Parma Heights and was under a duty to abide by the laws of the State of Ohio. This duty extended to arresting suspects properly and without using excessive force, malice or ill-will; to not retaliate for an exercise of the First Amendment; to intervene when faced with a fellow Officer's violation of an arrestee's Constitutional and/or state law rights; and to act within the boundaries of the law. Defendant Kunker is subject to being sued pursuant to ORC § 2744.01, *et seq*.

5. Defendant City of Parma Heights Officer John Doe 1 was at all times relevant an employee or agent for the City of Parma Heights and was under a duty to abide by the laws of the State of Ohio. This duty extended to arresting suspects properly and without using excessive force, malice or ill-will; to not retaliate for an exercise of the First Amendment; to intervene when faced with a fellow Officer's violation of an arrestee's Constitutional and/or state law rights; and to act within the boundaries of the law. Defendant Officer John Doe 1 is the Officer who handcuffed Plaintiff McMahan. He is Caucasian, appeared to be approximately 35-40 years old at the time of the arrest, had short red hair, was thinner to medium build, and had freckles. Further information and/or identification of the handcuffing Officer is in the possession and control of Parma Heights. Defendant John Doe 1 is subject to being sued pursuant to ORC § 2744.01, *et seq*.

6. Defendant City of Parma Heights Officer John Doe 2 was at all times relevant an employee or agent for the City of Parma Heights and was under a duty to abide by the laws of the State of Ohio. This duty extended to arresting suspects properly and without using excessive force, malice or ill-will; to not retaliate for an exercise of the First Amendment; to intervene when faced with a fellow Officer's violation of an arrestee's Constitutional and/or state law rights; and to act within the boundaries of the law. John Doe 2 is Caucasian, appeared to be approximately 35-40 at the time of the arrest, had short dark brown or black hair, was approximately 5'11" feet tall, was heavy-set/stocky, wore glasses, and was dressed in the uniform and had the accoutrements of a Parma Heights Police Officer, and is the Parma Heights Police Officer

who drove Mr. McMahan to the police station/jail. Further information and/or identification of the driving/transporting Officer is in the possession and control of Parma Heights. Defendant Parma Heights Police Officer John Doe 2 is subject to being sued pursuant to ORC § 2744.01, *et seq*.

7. Defendants Parma Heights John Does 3-5 were at all times relevant employees, officers, agents, and/or policymakers for the City of Parma Heights Police Department and were under a duty to promulgate, implement and maintain policies, procedures, training, rules and guidelines for the lawful operation of a municipal police department. These duties extended to insuring the police department operated in compliance with the laws of the State of Ohio and the Constitution of the United States. These Defendants failed in these and other duties. Defendants John Does 3-5 are subject to being sued pursuant to ORC § 2744.01, *et seq*.

8. This action is brought pursuant to the laws of the State of Ohio, United States Federal laws, statutes, and the United States Constitution.. This action is also brought for compensatory damages, punitive damages, and attorney fees.

## FACTS

9. On or about July 12, 2018, Plaintiff Brian Keith McMahan was out to dinner with his family celebrating his stepson Jon Legleitner's 21st birthday.

10. His stepdaughter, Elise, was also present along with her boyfriend David Jones ("Jones").

11. As dinner progressed, Jones repeatedly made derogatory remarks about Elise, Brian and Brian's wife Maureen.

12. At some point, Jones began threatening Brian and Maureen McMahan. Jones became so unruly that his girlfriend, Elise, literally dragged him out of the restaurant.

13. On their way home, Maureen McMahan received a text with a threat from Jones. Jones also sent a text of a picture of a gun.

14. Once home, a step-grandchild stated that he believed he saw Jones outside the house, at which point Brian instructed Maureen to call the police.

15. Maureen McMahan called the police out of legitimate fear and concern for her family. Once the police arrived, Brian McMahan began explaining what had happened and further explained why the police needed to take Jones' threats seriously.

16. The responding Officers, Parma Height Officers Kunker and/or Officer John Doe 1 and/or Officer John Doe 2 were not taking Mr. McMahan's concerns seriously or with any sense of urgency. Indeed, these Officers said that Mr. McMahan was being too loud. Mr. McMahan expressed some exasperation at the Officers' response but without obscenities or disrespect. The Officers then told Mr. McMahan to shut up or else he would be under arrest. Mr. McMahan essentially pleaded with the Officers to do their jobs and to check on his step-daughter Elise and her four year old daughter Violet.

17. At this juncture, Officer Kunker and/or John Doe 1 began to handcuff Mr. McMahan. Handcuffs were applied to both of Mr. McMahan's wrists. Mr. McMahan

was compliant but then called out to his stepson Jon and told him to get a cell phone video of the Officers making the arrest.

18. Officer Kunker and/or Officer John Doe 1 responded to Mr. McMahan's instruction to video record the arrest with indignation and disbelief. Officer Kunker and/or John Doe 1 used an obscenity and asked if Mr. McMahan was going to have (Jon Legleitner) record his arrest, or words to this effect. McMahan responded "Yes", at which point the Officer acknowledged Mr. McMahan's response and immediately tightened both cuffs on Mr. McMahan's wrists.

19. Mr. McMahan let out an audible cry of pain and told the Officers that the cuffs were too tight. Jon Leglietner asked the Officers why they were doing this. As a result, Mr. Legleitner was arrested.

20. Maureen McMahan came downstairs and tried to reason with the police. She went so far as to get out her cell phone in an attempt to show the Officers the text messages, threats and the picture of the gun. Ms. McMahan repeated that she was the one who called the police in the first place.

21. However, rather than respond to Mrs. McMahan's concerns, the Officers continued in their arrest of her husband and son. The Officers never looked for Jones; never looked at Ms. McMahan's cell phone; and never made a security check on Elise or her daughter Violet.

22. As Officer Kunker and/or John Doe 1 was "escorting" Mr. McMahan to the patrol car, he shoved forward and pulled back on Mr. McMahan's arm, intentionally and maliciously causing Mr. McMahan additional pain and injury.

23.     While taking Mr. McMahan to the jail, Mr. McMahan repeatedly complained to Officer Kunker and/or John Doe 2 that his handcuffs were too tight and that he was losing circulation and feeling in his hands. Mr. McMahan further stated that he suffered from type II diabetes and that cuts or other circulation injuries could be even more serious for him. Officer Kunker and/or John Doe 2 ignored Mr. McMahan's pleas for help or relief.

24.     It was only after an extended and unnecessary period of time that the handcuffs were taken off Mr. McMahan. By then, however, the damage had already occurred. As a direct and proximate result of the Defendants' misconduct, Mr. McMahan has sustained severe ulnar nerve damage to his left hand/wrist.

25.     As a result of the unlawful use of force and/or unlawful handcuffing by Officer Kunker and/or John Doe 1, Mr. McMahan suffered injury to his wrists, specifically his left wrist, some of which may be permanent in nature.

26.     As a result of the unlawful use of force and/or unlawful handcuffing of Mr. McMahan by Officer Kunker and/or John Doe 1, Mrs. Maureen McMahan suffered a loss of consortium, services, companionship, and other losses.

27.     As a result of the misconduct of the Defendants, Officer Kunker, Officer John Doe 1, Officer John Doe 2, the City of Parma Heights, and John Does 3 - 5, Mr. McMahan and Mrs. McMahan suffered injuries, losses and other damages.

## FIRST CAUSE OF ACTION
### Assault and Battery

28.     Paragraphs 1 through 27 are incorporated by reference herein as if fully rewritten.

29. The actions of Parma Heights Police Officer Kunker and/or John Doe 1 constitute assault and battery, as well as willful, wanton, malicious, intentional, and reckless conduct under the law of the State of Ohio.

30. As a direct and proximate result of the assault and battery, Mr. McMahan sustained serious physical injuries and damages, some of which may be permanent.

## SECOND CAUSE OF ACTION
### Excessive Force

31. Paragraphs 1 through 30 are incorporated by reference herein as if fully rewritten.

32. The actions of Defendant Officer Kunker and/or John Doe 1 constitutes an unjustifiable and excessive use of force without legal justification. The actions were deliberately indifferent, reckless, wanton and shocking to the conscience, all of which deprived Plaintiff McMahan of his civil rights, as secured by the Fourth and Fourteenth Amendments to the United States Constitution and through 42 U.S.C. §1983.

33. The actions of Defendant Officer Kunker and/or John Doe 1 was committed maliciously and/or in an unreasonable, wanton and/or reckless manner.

34. The actions of Defendant Officer Kunker and/or John Doe 1 was performed under color of law and deprived Mr. McMahan of federally protected rights, in violation of 42 U.S.C. § 1983.

35. As a direct and proximate result of the Defendants, Mr. McMahan incurred attorney's fees, costs, inconvenience and other damages to be assessed during the course of discovery and at trial.

## THIRD CAUSE OF ACTION
### First Amendment Retaliation

36. Paragraphs 1 through 35 are incorporated by reference as if fully rewritten herein.

37. Defendant Officer Kunker and/or John Doe 1 intentionally and unlawfully retaliated against Mr. McMahan in response to Mr. McMahan's instruction to his stepson to video record his arrest. Mr. McMahan's request to have his stepson record his arrest is speech protected under the First Amendment to the United States Constitution. Further, recording an Officer's arrest is protected activity under the First Amendment to the United States Constitution. Defendant Officer Kunker and/or John Doe 1's unlawful response to Mr. McMahan's statements were willful, wanton, reckless, malicious, and otherwise unlawful.

38. As a direct and proximate result of the unlawful retaliation, Mr. McMahan sustained a violation of his Constitutional rights as well as pain, suffering and other damages.

## FOURTH CAUSE OF ACTION
### Loss of Consortium

39. Paragraphs 1 through 38 are incorporated by reference as if fully rewritten herein

40. Ms. Maureen McMahan was married to Plaintiff Mr. Brian Keith McMahan and remains so married. As a result of the injuries Mr. McMahan sustained, including physical pain, suffering, mental anguish, and emotional distress, Mrs. McMahan suffered a loss of consortium, companionship, services, and other losses.

41. As a direct and proximate result of Defendants' misconduct and as a result of the injuries sustained by her husband, Mrs. McMahan sustained damages and losses.

## FIFTH CAUSE OF ACTION
### Malicious, Willful, Wanton, Reckless Conduct

42. Paragraphs 1 through 41 are incorporated by reference as if fully rewritten herein.

43. Defendants acted in a malicious manner because their conduct relative to Mr. McMahan was done with the intentional and willful design to punish Mr. McMahan. The Defendants' actions were accomplished with a dishonest purpose, moral obliquity, conscious wrongdoing, and/or a breach of a known duty through some ulterior motive or ill-will partaking of the nature of fraud. The Defendants acted willfully in that they intentionally deviated from their duty and/or from a definite rule of conduct. They purposefully engaged in wrongdoing with knowledge or appreciation of the likelihood that they were harming Mr. McMahan.

44. As a direct and proximate result of the Defendants' bad faith, malicious and willful misconduct, Mr. McMahan suffered injuries, damages, pain, suffering and other losses, some of which may be permanent in nature.

## SIXTH CAUSE OF ACTION
### Failure to Intervene

45. Paragraphs 1 through 44 are incorporated by reference as if fully rewritten herein.

46. Parma Heights Officer John Doe 2 was aware of Officer Kunker and/or Officer John Doe 1's excessive force and/or unlawful handcuffing of Mr. McMahan and further had the means and opportunity to intervene and/or alleviate the unlawful behaviour but failed to do so.

47. As a direct and proximate result of Defendant John Doe 2's failure to intervene and/or alleviate the unlawful conduct, Mr. McMahan sustained injuries, losses, and damages, some of which may be permanent in nature.

### SEVENTH CAUSE OF ACTION
### Parma Heights: *Monell*/42 U.S.C. § 1983; Negligent Hiring, Training and Retention

48. Paragraphs 1 through 47 are incorporated by reference as if fully rewritten herein.

49. The Defendants have, under color of state law, deprived Mr. McMahan of rights, privileges and immunities secured by the Fourth, Fourteenth and First Amendments to the U.S. Constitution including but not limited to the right to be free from cruel and unusual punishment, the right to free speech, the right to association, and the right to be free from unlawful retaliation.

50. The City of Parma Heights and John Does 3 - 5 failed to adequately train and supervise the Parma Heights Police and other employees, officials and staff relative to the proper response to the exercise of free speech, proper arrest procedures, handcuffing, and the use of force during the course of an arrest.

51. The City of Parma Heights and John Does 3 - 5 also had a custom, policy, pattern and/or practice of condoning and/or ignoring Constitutional violations relative to police use of force and/or improper handcuffing procedures and/or police

misconduct/retaliation such that further Constitutional violations were inevitable and substantially certain to occur.

52. The City of Parma Heights and John Does 3 - 5 also negligently failed to screen and negligently hired their employees and/or agents. This failure and negligence led to the hiring of individuals who should not have been charged with arresting McMahan. McMahan sustained injuries and damages as a direct and proximate result of this negligence and failure.

53. These Defendants also negligently failed to train their employees and/or agents. This failure and negligence led to inadequately trained individuals being charged with arresting, restraining and handcuffing McMahan. McMahan sustained injuries and damages as a direct and proximate result of this negligence and failure.

54. These Defendants also negligently retained Officer Kunker and/or John Doe 1 in that they were specifically on notice of prior incidents which would have led them to conclude that a Constitutional violation was foreseeable and/or substantially certain to occur. Officer Kunker and/or John Doe 1 was never adequately or sufficiently disciplined such that these Defendants tacitly condoned his misconduct and rendered future Constitutional violations foreseeable and/or substantially certain to occur.

55. As a direct and proximate result of these Parma Heights Defendants' failures, Mr. McMahan sustained injuries, losses, and damages, some of which may be permanent in nature.

## DAMAGES

56. Paragraphs 1 through 55 are incorporated by reference as if fully rewritten herein.

57. As a direct and proximate result of the Defendants' misconduct, Mr. McMahan suffered a loss and violation of his Constitutional rights, a loss and violation of his State of Ohio rights, physical injury, pain, suffering, mental anguish, emotional distress as well as economic and non-economic losses, some or all of which may be permanent in nature.  Mrs. McMahan sustained a loss of consortium, companionship, assistance, services and other losses due to the misconduct of the Defendants.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs pray for that this Court:

(A) Award Plaintiffs compensatory and consequential damages for all the injuries and damages identified in an amount to be shown at trial;

(B) Award punitive damages against the individual Defendants in an amount to be shown at trial;

(C) Equitable relief, including without limitation, that the City of Parma Heights be made to apologize and to promulgate, adopt, train, maintain and enforce appropriate policies to prevent future instances of the type of misconduct described herein;

  (D) Award Plaintiffs reasonable attorneys' fees as well as the costs of this action and other costs that may be associated with this action; and

  (E) Grant Plaintiffs other relief this Court deems equitable, necessary, and just.

             /s/ *Paul J. Cristallo*
             PAUL J. CRISTALLO (0061820)
             The Law Office of Paul J. Cristallo
             The Brownhoist Building
             4403 St. Clair Avenue
             Cleveland, OH 44103
             T:  440.478.5262
             F:  216.881.3928
             E:  paul@cristallolaw.com

             COUNSEL FOR PLAINTIFFS